

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. 0-2482
Re: Should the described combina-
tion of vehicle be operated
upon a special permit from
the Texas Highway Department
or should the same be regis-
tered?

We have received your letter of recent date re-
questing the opinion of this department upon the above
stated question. Your letter reads as follows:

"I am enclosing herewith a photograph of a
casing pulling machine that has a motor perman-
ently welded to the truck frame at the rear of
the cab with a total width of eight (8) feet
four (4) inches. Attached to this vehicle is a
trailer with a width of eight (8) feet seven (7)
inches at the widest point, and the total length
of the combination of truck and trailer is forty-
seven (47) feet.

"Section 8(b) of House Bill 6, Chapter 88,
Page 172 of the General Laws of the Second Called
Session of the Forty-first Legislature provides
in part that 'No vehicle shall be registered and
licensed with a total outside width, including
any load, of more than ninety-six (96) inches,
except that the limitations as to size of the
vehicle shall not apply to implements of husbandry,
and highway building and maintenance machinery
temporarily propelled or moved upon the public
highway.'

"Section 3(a) of House Bill 336, Chapter 282,
Page 507, General Laws of the Regular Session of

—

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Director, page 2

the Forty-second Legislature, provides in part that 'No vehicle shall exceed a total outside width including any load thereon, of ninety-six (96) inches, except that the limitations as to size of the vehicle stated in this section shall not apply to implements of husbandry including machinery solely used for the purpose of drilling water wells, and highway building maintenance machinery temporarily propelled or moved upon the public highway.'

"This combination of vehicle in question is used for the purpose of pulling casing from oil wells.

"In your opinion, should this combination of vehicle be operated upon a special permit from the Texas Highway Department, or should the same be registered?"

The registration and licensing clause respecting motor vehicles is shown by the various sections of Article 6675a-1-8b, Vernon's Civil Statutes. Article 6675a-2 provides in part:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof; . . ."

Article 6675a-8b provides in part:

"Provided that no vehicle shall be registered with four wheels, or less, whose gross weight, including loads, exceeds 22,000 pounds; that no vehicle shall be registered with six wheels, whose gross weight, including load, exceeds 30,000 pounds; (Axles of the latter type to be spaced not less than 40 inches apart).

Honorable Homer Garrison, Jr., Director, page 3

"And provided further that no motor vehicle shall be registered and licensed which has a total outside width, including any load thereon, of more than ninety-six inches, except that the width of a farm tractor shall not exceed 9 feet, and excepting further, that the limitations as to size of vehicle stated in this section shall not apply to implements of husbandry and highway building and maintenance machinery temporarily propelled or moved upon the public highways; ..."

Article 6701a, Vernon's Civil Statutes, provides in part:

"Section 1. When any person, firm or corporation shall desire to operate over a state highway super-heavy or over-size equipment for the transportation of such commodities as cannot be reasonably dismantled, where the gross weight or size exceeds the limits allowed by law to be transported over a state highway, the State Highway Department may, upon application, issue a permit for the operation of said equipment with said commodities, when said State Highway Department is of the opinion that the same may be operated without material damage to the highway. Provided, however, that nothing in this act shall prevent the full control of such movements or operations on the streets of cities and towns by the ordinances of such municipality."

Section 3 of said act provides in substance that before the issuance of such permit the applicant for same shall file with the State Highway Department a bond in an amount to be set and approved by the Department, payable to the Department, and conditioned that the applicant will pay to said Department any damage that might be sustained to the highways by virtue of the operation of the equipment, and shall accompany the application with a fee of $5.00 payable to the Highway Department to be deposited in the Treasury of the State of Texas to the credit of the Highway Maintenance Fund.

Section 4 of said act provides in substance that such permit, when issued, shall show the name of the applicant, the date of the application, signature of the State

Honorable Homer Garrison, Jr., Director, page 4

Highway Engineer or Division Engineer, the kind of equipment to be transported over the highway, together with the weight and dimensions of the same, and it shall state the highways and distance over which the same is to be transported.

By the very wording of Article 6675a-2 and 8b, supra, the combination vehicle involved in the instant case is not subject to registration under said act, due to its extraordinary weight and size. Therefore, if such vehicle is to be moved upon the highways of this State, it must be by virtue of the special permits granted to the owner by the State Highway Department.

Our Opinion No. O-1611, a copy of which is enclosed herewith for your information, treats with substantially this identical question, and this opinion is in all respects confirmed. We quote from this opinion as follows:

"The same Legislature that enacted Senate Bill No. 10, Chapter 41, Second Called Session of the Forty-first Legislature, which is the act providing for permits to operate oversize and overweight equipment upon the limitations discussed, also enacted House Bill No. 6, which is Chapter 88 of the Acts of said Legislature, and which, among other things, provided for the registration and licensing of motor vehicles. This later act expressly repealed a number of statutes and prior acts of the Legislature, and provided generally that all of the laws in conflict therewith were repealed; but Chapter 41 was not mentioned among the statutes and acts that were expressly repealed.

"It is the conclusion of this department that these two acts of the same Legislature do not necessarily conflict and are not repugnant the one to the other, when construed as this department has construed them, in that the first enactment must be construed as a limitation or exception to the provisions of the later act. This conclusion is in accord with well established principles of law. In 39 Texas Jurisprudence, page 146, it is said:

"' The Legislature is supposed to be governed by one spirit and policy during a session, and nothing short of a direct repeal in express terms, or such irreconcilable repugnancy as that both acts cannot stand together, will justify a court in holding an act is repealed by another act passed at the same session. . . .

"'A liberal construction is permissible for the purpose of sustaining an act as against an implication of its repeal by another act passed at the same session. The two acts will be construed together, regarded as one statute, and if possible they will be so construed that both may stand as one embodiment of the legislative will. For this purpose, the former act may be regarded as an exception to the provisions of the later.'

"Numerous cases are cited in the footnotes. See especially Cain vs. Texas, 20 Tex. 355; Gillam vs. Matthews, 122 S. W. (2d) 348."

Therefore, you are respectfully advised that it is the opinion of this department that the combination vehicle, the subject of your request, should be operated upon the highways of this State by virtue of a special permit issued by the Texas Highway Department.

Trusting that this satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. Burle Daviss
Assistant

DBD:CO

APPROVED JUL 12, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN